**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **MRI SOFTWARE LLC,** ) | **CASE NO. 1:20 CV 393** |
| ) | |
| **Plaintiff,** ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| **CHESTNUT HOLDINGS OF NEW YORK,** ) | |
| **INC.** ) | |
| ) | |
| **Defendant.** ) | |

Before the Cousrt is Defendant Chestnut Holdings of New York, Inc.'s Motion to Dismiss MRI Software LLC's Complaint With Prejudice ("Motion"). **Doc #: 7**. For the following reason, the Motion is **DENIED AS PREMATURE**.

**I.**

On January 20, 2020, Plaintiff MRI Software LLC ("MRI") filed this case against its business associate, Defendant Chestnut Holdings of New York, Inc. ("Chestnut"), in the Cuyahoga County, Ohio Court of Common Pleas. Doc #: 1-1 ("Compl."). MRI alleges that the parties entered a contract for real estate software solutions and related services commencing June 1, 2011. *Id.* ¶ 6. Therein, MRI granted Chestnut the right to access and use the MRI Software for its business purposes and agreed to supply Maintenance and Support services. *Id.* ¶¶ 8-9. In return, Chestnut agreed to pay MRI for its services on or before certain due dates, along with interest on all past due payments. Compl. ¶ 11. The initial term of the Agreement[1] was 7 years, and the renewal term was an additional 7 years. *Id.* ¶ 13. According to MRI,

---

[1]The Court uses the term Agreement to refer to a compilation of contracts executed by the parties that comprise their duties and obligations.

Chestnut materially breached the Agreement when it failed to discharge its payment obligations to MRI on July 2, 2018 and made no attempt to cure its breach thereafter. Id. ¶¶ 26-27. MRI asserts that Chestnut owes MRI the accelerated amount of $516,822.59. Accordingly, it alleges breach of contract and unjust enrichment/quantum merit against Chestnut.

Chestnut removed this case on February 20, 2020 shortly after which it filed the pending Motion. Respectively Doc ##: 1, 7. Chestnut has best summarized its position as follows:

> MRI alleges that Chestnut materially breached the Agreement on July 2, 2018. Compl. ¶ 26. MRI accelerated the purported full amount owed under the Agreement on August 7, 2018, Compl. Ex. C, and it did not–as required by the Agreement–file any claim within a year of either date. MRI's arguments find no support in Ohio law or in equitable principles. Therefore, Chestmut respectfully requests that the Court grant its Motion to Dismiss MRI Software LLC's Complaint with prejudice.

Doc #: 13 at 1.

In response, MRI counters, among other things, that Chestnut's obligation to pay for the use and access to MRI's software and services is an ongoing duty that is non-cancelable, survives termination, and will not expire until the end of the Renewal Term, or May 31, 2026. Further, Chestnut's purported limitations bar fails to take into consideration Chestnut's own breach of the Agreement when it filed a case based on the same facts against MRI in the Supreme Court of New York on October 26, 2018. The relevant provision of the Agreement provides:

> This Agreement shall be governed and construed in accordance with the laws of the State of Ohio without giving effects to its principles of conflict of laws. Any dispute shall be litigated in the state or federal courts located in the State of Ohio to whose exclusive jurisdiction the Parties hereby consent.

Ex. A, Master Agreement, § 10.15. When asked during the teleconference with counsel and clients on March 20, 2020 why Chestnut filed its case in New York court, Defense counsel

-2-

responded that the law on automatic renewal provisions in contracts is more favorable to Chestnut in New York.

## II.

"A motion to dismiss a complaint under Rule 12(B) which is based upon the statute of limitations is erroneously granted where the complaint does not conclusively show on its face the action is barred by the statute of limitations." *Miami Valley Mobile Health Services, Inc. v. ExamOne Worldwide, Inc.*, 852 F.Supp.2d 925 (S.D. Ohio 2012) (quoting *Velotta v. Leo Petronzio Landscaping, Inc.*, 69 Ohio St.2d 376, 379 (1982)). In other words, the statute of limitations is an affirmative defense that typically rests on more facts that alleged in a complaint.

## III.

In ruling on the pending Motion, the Court takes into consideration not only the arguments in the parties' briefs, but also the discussion held during the March 20 teleconference. It is clear that the parties disagree about everything, including if and when their relationship ended; who breached what contract provision when; and what, if any breach is to be found, the effect of that breach on the statute of limitations.

## IV.

Because the Motion is premature, the Court **DENIES AS PREMATURE** the pending Motion. **Doc #: 7**.

**IT IS SO ORDERED.**

                                                    */s/ Dan A. Polster     April 6, 2020*
                                                    **Dan Aaron Polster**
                                                    **United States District Judge**